## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Sheree Pinckney<br><br>               Debtor(s) | Chapter 13<br><br>Case No. 26-11027 DJB |
| American Heritage Federal Credit Union<br>                   Movant<br>   v.<br><br>Sheree Pinckney<br>Mallory Pinckney, Non-Filing Co-Debtor<br><br>and<br><br>Kenneth E. West, Trustee<br>               Respondents | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### AS TO PROPERTY LOCATED AT 7806 HAINES ROAD, CHELTENHAM, PA  19012

American Heritage Federal Credit Union ("Movant") hereby moves the court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay and the co-debtor stay of 11 U.S.C. §1301 with respect to certain real property of the Debtor(s) having an address of 7806 Haines Road, Cheltenham, PA  19012 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

1.      A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on March 13, 2026.

2.      A hearing to consider confirmation of the Chapter 13 Plan is scheduled for July 30, 2026.

3.      A Proof of Claim was filed under claim number 9-1 in the amount of $199,448.31, including pre-petition arrears in the amount of $21,478.87.

4.      The Debtor, Sheree Pinckney, and Non-Filing Co-Debtor, Mallory Pinckney, executed and delivered or are otherwise obligated with respect to that certain promissory note in the original amount of $237,000.00 (the "Note").  A copy of the Note is attached hereto as **Exhibit A**.  Movant is an entity entitled to enforce the Note.

5.      Pursuant to that certain Mortgage dated October 18, 2016, and recorded in the office of the county clerk of Montgomery County, Pennsylvania (the "Mortgage"), all obligations (collective, the "Obligations") of the Debtor, Sheree Pinckney, and Non-Filing Co-Debtor, Mallory Pinckney, under and

with respect to the Note and the Mortgage are secured by the Property.  A copy of the Mortgage is attached hereto as **Exhibit B**.

6.     Midwest Loan Services services the loan on the Property referenced in this Motion.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property the foreclosure will be conducted in the name of the Movant.  Debtor(s) executed a promissory note secured by a mortgage or deed of trust.  The promissory note is either made payable to Creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or the beneficiary of the assignee of the mortgage or deed of trust.

7.     As of July 16, 2026, outstanding Obligations are $205,380.39.

8.     The following chart sets forth the number and amount of post-petition payments due pursuant to the Note that have been missed as of July 16, 2026:

| # of Missed Payments | From: | To: | Monthly Payment | Total |
|---|---|---|---|---|
| 4 | 4/1/26 | 7/1/26 | $2,270.27 | $9,081.08 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | $0.00 |
| TOTAL: | | | | $9,081.08 |

9.      As of July 16, 2026, the total post-petition arrearage/delinquency is $9,081.08.

10.    The amount of the next monthly payment due under the terms of the Note and Mortgage is $2,270.27 and will come due on August 1, 2026.

11.    Cause exists for relief from the automatic stay for the following reasons:

a.     Payments required under the Note and Mortgage have not been made to the Movant.

b.     Movant's interest in the property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.     Relief from the stay of 11 U.S.C. §362(a) and the co-debtor stay of 11 U.S.C. §1301 for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing the Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.     That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.     That the 14-day stay described by Fed. R. Bankr. P. 4001(a)(4) be waived.

4.     For such other Relief as the Court deems proper.

5.     Movant further requests that upon entry of an order granting relief from stay, it be

exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

/s/ Jill Manuel-Coughlin, Esquire

Dated:  July 22, 2026

POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire ; ID 63252
Harry B. Reese, Esquire; ID 310501
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
215-942-2090 phone; 215-942-8661 fax
Email:  bankruptcy@powerskirn.com
Attorney for Movant